**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**PATRICIA D. MULLICAN, AS**
**PERSONAL REPRESENTATIVE OF THE**
**ESTATE OF JAMES B. MULLICAN,**
**DECEASED,**

      **Plaintiff,**

**-vs-**                  **Case No. 6:06-cv-1209-Orl-31KRS**

**TSB FINANCIAL SERVICES, INC., A**
**FLORIDA CORPORATION, CALI**
**HOLDINGS, INC. F/K/A TSB HOLDINGS,**
**A UTAH CORPORATION; AND KMA**
**CAPITAL PARTNERS, INC., A TEXAS**
**CORPORATION,**

      **Defendants.**

_____

## ORDER

  This matter comes before the Court on a Motion to Dismiss (Doc. 9) filed by Defendant TSB Financial Service's Inc.("TSB Financial") and Plaintiff's response thereto (Doc. 13).[1]

**I. Background[2]**

  Plaintiff Patricia Mullican brings this action on behalf of the estate of James B. Mullican ("the Estate"). Plaintiff asserts that her deceased husband, James B. Mullican ("Mullican"), entered into 3 contracts during his lifetime which have not been fulfilled. On June 1, 2004 Mullican loaned TS&B Holdings, Inc. $150,000 which was to be paid back with interest by June

---

[2]The following statement of facts is adapted from Plaintiff's Complaint (Doc.1).

Case 6:06-cv-01209-GAP-KRS   Document 17   Filed 10/16/06   Page 2 of 5 PageID 105

1, 2007.  Then on August 9, 2004 Mullican loaned TS&B Holdings, Inc. $250,000 which was to be paid back with interest by August 10, 2005.  Finally, on January 18, 2005 Mullican loaned TSB Financial $50,000, which was to be paid back with interest by March 19, 2005.  TSB Financial has only paid $25,000 toward the principal and interest of this loan.

**II. Standard of Review**

In ruling on a motion to dismiss, this Court must view the complaint in the light most favorable to the Plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232 (1974), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The Court will not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that the Plaintiff cannot prove any set of facts that support a claim for relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In ruling on a motion to dismiss, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6), the rule to be applied is that, "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (*citing* FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr.*

*for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). Instead, the complaint need only "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Id.* (internal citation and quotation omitted). "A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." *Sams v. United Food and Comm'l Workers Int'l Union*, 866 F.2d 1380, 1384 (11th Cir. 1989).

**III. Legal Analysis**

Only TSB financial has moved for dismissal in this case.  Plaintiff has admitted that TSB Financial was not a party to the contracts that are referenced in the first two counts of its Complaint. (Doc. 13 3-4).  Because the only claim for relief made against TSB Financial is Count 3 of the Complaint, that is the only Count for which TSB Financial has standing to move for dismissal, therefore its assertions regarding Counts 1 and 2 are irrelevant. (See Doc. 13 at 3-4).

The only remaining issue, then, is whether the claim against TSB Financial, contained in Count 3 of the Complaint, meets the amount in controversy requirement of $75,000 under 28 U.S.C. § 1332 ("§ 1332").  To establish subject matter jurisdiction based on diversity of citizenship under § 1332, Plaintiff must allege that the extent of its injury, with regard to *each* defendant, is greater than $75,000.  *See Jewell v. Grain Dealers Mutual Insurance Co.*, 290 F.2d 11, 13 (5th Cir. 1961).[3]   Because Count 3 involves a promissory note for only $50,000, this Court issued an Order to Show Cause as to why Count 3 against TSB Financial should not be dismissed

---

[3] All decisions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent on courts within the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

for a failure to meet the amount in controversy requirement. (Doc. 15)  The Plaintiff's response to that order (Doc. 16) indicates that Plaintiff seeks not only payment for the original principal of that note, but also interest (12% per annum), late fees (10%), and attorney's fees (estimated to total $50,000). (Doc. 1 at 4-5; Doc. 16)

Plaintiff correctly asserts that attorneys fees provided for by a contract may be added to the relief sought when determining the amount in controversy for purposes of federal jurisdiction. *See Federated Mutual Insurance, Co. v. McKinnon Motors, LLC,* 329 F.3d 805, 808 (11th Cir. 2003); *Fedin-Scarberry v. Interstate Indemnity Co.,* 2006 WL 2085796, *2 (M.D. Fla. 2006).  Plaintiff also correctly asserts that interest, when it is an integral part of the contract, can be used to meet the amount in controversy requirement. *See Fedin-Scarberry* 2006 WL 2085796 at *2 (Interest not an integral part of contract where it is merely the result of Plaintiff's delay in bringing suit).   In this case, the contract does provide for attorneys fees. (Doc. 16-Ex. A).  Also, interest is integral to this contract, and not merely a result of Plaintiff's delay in bringing suit. (Doc. 16-Ex. A).  The reason Mullican agreed to lend TSB Financial money was to earn the interest. (Doc. 16 at 3).

Unfortunately, Plaintiff has failed to provide the Court with any concrete figures as to how much is sought against this particular Defendant, and the Court cannot make those determinations on its own.  Only Plaintiff knows how much interest has accrued and how much is left of the principal to be paid.  The original loan was for $50,000 and the Plaintiff alleges that TSB Financial has only paid $25,000. (Doc. 1 at 4-5).  Plaintiff does, however, specifically state that the late fee it seeks to collect is $5,000. (Doc. 16 at 3).  Therefore, even without interest, Plaintiff is seeking at

least $25,000 for the promissory note, $5,000 for late fees and $50,000 for attorneys fees.[4] (Doc. 16). The total of these amounts is $80,000, and therefore the amount in controversy requirement has been satisfied.

**VI. Conclusion**

For the reasons stated herein, the Defendant's Motion to Dismiss (Doc. 9) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 16, 2006.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[4] At first glance, a claim for $50,000 in attorneys fees in a suit to recover approximately $30,000 on a contract seems excessive, however, in light of the fact that the Plaintiff attempted to collect on this note for almost a year before resorting to litigation, the number appears reasonable. In fact, the Plaintiffs have already accrued approximately $16,000 in attorneys fees. (See Doc. 16-Ex. B).